IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUAN R. LOPEZ,

        Petitioner,               No. 2:10-cv-0047 JAM JFM P

    vs.

KATHLEEN L. DICKINSON,

        Respondent.         <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner is a former state prisoner now on parole proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On April 20, 2011, the undersigned issued findings and recommendations recommending that the petition be denied.  The court did not address petitioner's Ex Post Facto claim challenging Proposition 9, the so-called "Marsy's Law."  On July 18, 2011, the district court adopted the findings and recommendations in full and judgment was entered accordingly.  On September 28, 2012, this matter was remanded from the United States Court of Appeals for the limited purpose of considering petitioner's Ex Post Facto claim.  On October 26, 2012, this court issued an order directing the Clerk of the Court to reopen this action and submitting the Ex Post Facto claim on the record.  On November 8, 2012, petitioner's copy of the October 26, 2012 order was returned undelivered with a notation indicating that petitioner is now on parole.

1

1          In his Ex Post Facto claim, petitioner contends that Proposition 9 violates the Ex

2    Post Facto Clause by creating a "significant risk of increasing the measure of [his] punishment."

3    Petition for Writ of Habeas Corpus & Memorandum of Points and Authorities in Support

4    Thereof, filed January 6, 2010, Memorandum at 40.  Proposition 9 was enacted into law in

5    California in November 2008.  Petitioner was convicted and sentenced to twenty-five  years to

6    life in prison plus nine years for enhancements in 1981, twenty-seven years prior to the passage

7    of Proposition 9.

8          Prior to enactment of Proposition 9, under California law parole hearing were to

9    be conducted annually and the Board was authorized to defer subsequent hearings for "'[t]wo

10   years after any hearing at which parole is denied if the board finds that it is not reasonable to

11   expect that parole would be granted a hearing during the following year and states the bases for

12   the finding'" or up to five years for convicted murderers.  Gilman v. Schwarzenegger, 638 F.3d

13   1101, 1104 (quoting former California Penal Code § 3041.5(b)(2)).  "Proposition 9 significantly

14   changed the law governing deferral periods."  Gilman, id.

15         The most significant changes are as follows: the minimum deferral
period is increased from one year to three years, the maximum
16   deferral period is increased from five years to fifteen years, and the
default deferral period is changed from one year to fifteen years.
17   See id. Further, the burden to impose a deferral period other than
the default period increased. Before Proposition 9 was enacted, the
18   deferral period was one year unless the Board found it was
unreasonable to expect the prisoner would become suitable for
19   parole within one year. Cal.Penal Code § 3041.5(b)(2) (2008).
After Proposition 9, the deferral period is fifteen years unless the
20   Board finds by clear and convincing evidence that the prisoner will
be suitable for parole in ten years, in which case the deferral period
21   is ten years. Cal.Penal Code § 3041.5(b)(3)(A)-(B) (2010). If the
Board finds by clear and convincing evidence that the prisoner will
22   be suitable for parole in seven years, the Board has discretion to set
a three-, five-, or seven-year deferral period. Id. §
23   3041.5(b)(3)(B)-(C).

24   Id. at 1104-05.  At the 2009 hearing, the Board set a three-year deferral period for petitioner, the

25   new minimum deferral period under California law and two years longer than the minimum

26   deferral period under the earlier provisions of California law.  See Ex. 2 to Answer, filed April 1,

1   2010, at 10.  Petitioner's release on parole has mooted this claim.  The claim concerns only the

2   timing of petitioner's next parole suitability hearing.  Even if the court found that the Board's

3   2009 three-year deferral of petitioner's next parole suitability hearing violated the Ex Post Facto

4   Clause, any equitable relief would be limited to an order directing the Board to conduct a new

5   parole suitability hearing and enjoining the Board from enforcing against petitioner any

6   provisions of Marsy's Law found to be unconstitutional.  Since petitioner has been released on

7   parole, there is no further relief available to petitioner through this action and his claim is moot.

8   See Caswell v. Calderon, 363 F.3d 832, 837 (9th Cir. 2004) (citing Spencer v. Kemna, 523 U.S.

9   1, 7 (1998).  This court will therefore recommend that petitioner's Ex Post Facto claim be

10  dismissed.

11          Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United

12  States District Courts, "[t]he district court must issue or a deny a certificate of appealability when

13  it enters a final order adverse to the applicant."  Rule 11, 28 U.S.C. foll. § 2254.  A certificate of

14  appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial

15  showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The court must either

16  issue a certificate of appealability indicating which issues satisfy the required showing or must

17  state the reasons why such a certificate should not issue.  Fed. R. App. P. 22(b).  As noted above,

18  petitioner's Ex Post Facto Clause claim should be dismissed as moot.  Accordingly, no certificate

19  of appealability should issue.

20          In accordance with the above, IT IS HEREBY RECOMMENDED that:

21          1.  Petitioner's claim that his rights under the Ex Post Facto Clause were violated

22  by the 2009 decision to defer further parole consideration for a period of three years be dismissed

23  as moot; and

24          2.  The district court decline to issue a certificate of appealability.

25          These findings and recommendations are submitted to the United States District

26  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 11, 2013.

UNITED STATES MAGISTRATE JUDGE

12
lope0047.dm

4